■ In the Matter of JAMES F. BELLMAN, Appellant, v ROBERT J. McGUIRE, as Police Commissioner of the City of New York, et al., Respondents.—Order and judgment (one paper), Supreme Court, New York County (David H. Edwards, J.), entered August 14, 1990, which granted a motion to confirm the report of the Special Referee, and denied petitioner's motion to hold respondents in contempt, unanimously affirmed, without costs.

Petitioner, a probationary police officer injured in the line of duty, was discharged for purported misrepresentations and omissions on his employment application, and consequently his application for disability retirement benefits was never considered. Subsequently, this court directed, in an order entered May 26, 1988 [140 AD2d 262], that petitioner's discharge be vacated, and that his application for accident disability retirement benefits be considered. Pursuant to this order, the Board of Trustees of the Police Pension Fund voted on February 8, 1989, to retire petitioner on an accident disability pension effective December 18, 1982.

Petitioner's motion to hold respondents in contempt of our prior order, on the ground, inter alia, that petitioner was not reinstated with back pay, was properly denied. In this regard,

we need not, at this juncture, comment on the intent of our prior order, which petitioner never sought to resettle or reargue. It is sufficient to note that the prior order did not specifically direct reinstatement with back pay, or the other relief now sought by petitioner, and that, absent a clear and unequivocal mandate, contempt will not lie. *(See, Matter of McCormick v Axelrod,* 59 NY2d 574, *amended* 60 NY2d 652.) Concur—Carro, J. P., Wallach, Kupferman, Asch and Kassal, JJ.