■ In the Matter of THOMAS J. SCOTTO, as President of the Detectives' Endowment Association, et al., Respondents, v DAVID N. DINKINS, as Mayor of the City of New York, et al., Appellants. [599 NYS2d 235] —Judgment, Supreme Court, New York County (Myriam Altman, J.), entered on or about December 18, 1992, which granted the CPLR article 78 petition to the extent of directing the appellants, David N. Dinkins, as Mayor of the City of New York, Lee Brown, former Commissioner of the Police Department of the City of New York and the City of New York, to comply with Administrative Code of the City of New York § 14-103 (b) (2) (as amended by L 1990, ch 755), by retroactively designating or redesignating as detectives four categories of permanently appointed New York City police officers, including the four individual petitioners herein, who attained 18 months of service performing detective duties after January 18, 1991, which declared null and void Police Department Interim Order #61, dated September 16, 1991, and any other departmental orders, directives or instructions contrary to Administrative Code § 14-103, as amended, and which enjoined the implementation thereof, unanimously affirmed, without costs.

The IAS Court properly determined that the appellants, by their actions and conduct in refusing to retroactively designate or redesignate to the grade of detective, the petitioner police officers, who attained 18 months of service performing detective duties after January 18, 1991, violated the clear and unambiguous provisions of Administrative Code § 14-103, as amended. Where, as here, the statutory language of the amendment clearly and unambiguously applies to all permanently appointed police officers performing detective duties, without qualification, resort to extrinsic matter, such as the legislative history of the amendment, is unnecessary *(Sega v State of New York,* 60 NY2d 183, 191), and the court should therefore not substitute its judgment for that of the Legisla-

ture *(see, Matter of Rapp v New York City Employees' Retirement Sys.,* 42 NY2d 1).

Nor did the IAS Court, in declaring Interim Order #61 null and void, err in determining that Administrative Code § 14-103, as amended, did not improperly restrict the discretion of the Police Commissioner to designate detectives since the Commissioner retained significant discretion over the appointment and revocation of a police officer's designation to detective duties during the 18-month probationary period, and since the amendment merely curtailed the widespread abuse of designating police officers to perform detective duties for indefinite periods of time without designating them as detectives, with the accompanying salary and benefits.

We have reviewed the appellants' remaining claims and find them to be without merit. Concur—Carro, J. P., Ellerin, Wallach, Kupferman and Ross, JJ.