*212 OPINION OF THE COURT
Bellacosa, J.
The purely statutory construction issue in this CPLR article 78 proceeding was resolved by Supreme Court granting the petition. The Appellate Division affirmed and certified to us the question of the propriety of its ruling. The affirmed judgment directed appellants-respondents to comply with the appointment directive of section 14-103 (b) (2) of the Administrative Code of the City of New York (as amended by L 1990, ch 755) by officially designating petitioners as detectives. Petitioners are police officers performing duties in four different categories of investigative functions. The judgment also declared that New York City Police Department Interim Order 61 and related departmental directives, restricting the applicability of section 14-103 (b) (2), are null and void and enjoined their implementation.
The dispositive inquiry devolves to whether the Legislature, in enacting the 1990 amendment to section 14-103 (b) (2) of the Administrative Code, intended to provide the Police Commissioner of the New York City Police Department with the discretion to define the statute’s operative term and, by so doing, to countermand or curtail the remedial sweep of the statutory amendment itself. We conclude that the Legislature’s intent was to eliminate the very discretion which the *213 Commissioner now seeks to reclaim. Consequently, the order of the Appellate Division upholding the invalidation of the Department’s contrary directives should be affirmed and the certified question answered in the affirmative.
As amended (L 1990, ch 755), section 14-103 (b) (2) of the Administrative Code directs:
"Any person who has received permanent appointment as a police officer and is temporarily assigned to perform the duties of a detective shall, whenever such assignment exceeds eighteen months in duration, be appointed as a detective and receive the compensation ordinarily paid to a detective performing such duties” (emphasis added).
Thus, the provision, by its terms, mandates that any police officer who has been temporarily assigned to perform the "duties of a detective” for more than 18 months "be appointed as a detective” and receive commensurate compensation, rank, and other benefits. This provision was enacted to remedy morale and inequity problems resulting from indefinitely assigning officers to detective/investigative duties without providing proportionate benefits and security (Mem in Support of Legislation, Bill Jacket, L 1990, ch 755; see also, 1988 NY Legis Ann, at 359, 360; 1985 NY Legis Ann, at 348, 349 [both discussing intention behind similarly structured precursor bills which were vetoed]).
To countermand this amendment, the Police Department of the City of New York issued Interim Order 61, which restricted the coverage of chapter 755 to only certain specified types of investigative assignments. Subsequently, the Department issued Interim Order 60-3, applicable to certain other investigative tracks, which provided for assignments as detectives, but only after more than 26 months of service in those temporary assignments.
The substance of appellants’ argument, adopted by the dissenters, is that the meaning of the term "duties of a detective” is not plain on the face of the statute (see, Administrative Code § 14-103 [b] [2]), and that, therefore, the Police Commissioner retains the discretion to reasonably interpret the phrase and determine what investigative duties fall within the statute’s protective mandate (see, Matter of New York State Assn. of Life Underwriters v New York State Banking Dept., 83 NY2d 353, 359-360). They point to the historically *214 broad discretion that the Commissioner has been accorded in the area of designating police officers to the status of detective (see, Administrative Code § 14-103 [a], [b]; see generally, McGowan v Mayor of City of N Y., 53 NY2d 86, 94, 95; People ex rel. O’Connor v Girvin, 227 NY 392, 394, 396). On this basis, they maintain that the Commissioner retains the power to fill gaps in the statute and determine which "investigative duties” constitute "detective duties”, and that judicial deference is due the agency’s reasonable interpretation of the statute’s operative term and durational requirement (see, Matter of Moran Towing & Transp. Co. v New York State Tax Commn., 72 NY2d 166, 173; Matter of Trump-Equitable Fifth Ave. Co. v Gliedman, 62 NY2d 539, 545).
Notwithstanding the Legislature’s failure to define the statute’s operative term, we cannot agree that deference is due the Commissioner in the respects sought. Under the circumstances of this case, the Commissioner functionally seeks to draw discrete classifications and, thus, to exert a legislative function, cutting directly against the purpose of the very statutory amendment at issue.
Appellants’ argument is equally flawed because it contradicts the legislative history of the amendment. It was precisely because of the Police Commissioner’s unbridled discretion in making such indefinite designations to the detective rank that the Legislature was repeatedly importuned to make changes to curtail that power and eventually interposed its policy choice (Mem in Support of Legislation, Bill Jacket, L 1990, ch 755). In matters of statutory construction, "legislative intent is 'the great and controlling principle’ ”, and our proper judicial function is to "discern and apply the will of the Legislature” (Matter of Sutka v Conners, 73 NY2d 395, 403).
The claim of a distinction between the terms "investigative duties” and "detective duties” in the interpretation of section 14-103 (b) (2) is also unavailing. The legislative history of chapter 755 demonstrates that the terms were used interchangeably (see, Mem in Support of Legislation, Bill Jacket, L 1990, ch 755 [stating that morale will suffer "if a police officer is required to perform investigative duties side-by-side with a detective without there being any mandatory period after which time he (or she) must be re-designated as a detective” (emphasis added)]; Budget Report on Bills, Bill Jacket, L 1990, ch 755 [stating that one of the arguments in support of the bill is that "work performed by police officers assigned investí *215 gative duties * * * and detectives * * * is not * * * distinguishable” (emphasis added)]). For all these reasons, we reject appellants’ appeal and are not persuaded by the views expressed by the dissenting opinion. Thus, we affirm the lower courts’ determination.
We note, too, that appellants’ claim that section 14-103 (b) (2) violates the Merit and Fitness Clause of the New York Constitution (art V, § 6) is not properly before this Court and agree unanimously that the issue should not be decided here. To be sure, the claim was pleaded, but appellants abandoned this argument in the lower courts and did not advance it before us (contrast, Matter of Wood v Irving, 85 NY2d 238 [decided today, on constitutional grounds only, involving a parallel statutory mechanism applicable solely outside New York City]). Moreover, under the procedural circumstances presented here, we all agree it would not be prudent or appropriate to recognize and determine such an issue at the urging solely of an amicus curiae.
Accordingly, the order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.