■ In the Matter of THOMAS J. SCOTTO, as President of the Detectives Endowment Association and as Statutory Trustee for Police Pension Fund II, et al., Respondents-Appellants, v RUDOLPH GIULIANI, as Mayor of the City of New York, et al., Appellants-Respondents. [663 NYS2d 551] —Order and judgment (one paper), Supreme Court, New York County (Harold Tompkins, J.), entered February 6, 1997, which, in a proceeding pursuant to CPLR article 78 to invalidate waivers of Administra-

tive Code of the City of New York § 14-103 (b) (2) offered by respondent Police Commissioner, and for reinstatement of those police officers who were removed from the detective career path because of their refusals to execute such waivers together with appropriate adjustments for any detective service credit lost, granted the application to the extent of enjoining respondent from requesting or requiring police officers to execute such waivers, declaring any such waivers to be null and void *ab initio*, and directing respondent to reinstate into the detective career path any police officer who had been transferred out due to his or her refusal to execute such a waiver, unanimously affirmed, without costs.

Under the subject waiver program, apparently developed in response to the judicial rejection of a prior attempt by respondent "to countermand or curtail the remedial sweep" of Administrative Code § 14-103 (b) (2) (*Matter of Scotto v Dinkins*, 85 NY2d 209, 212), respondent requests officers expecting to be appointed as detectives upon completion of their statutorily limited 18-month temporary assignments to execute waivers of their rights under section 14-103 (b) (2) to be then appointed as a detective, and to agree instead to a 36-month temporary assignment in the detective unit. Officers who refuse to sign waivers are transferred out of detective units. Aside from the questionable voluntariness of the waivers, which are "offered" in the form of an ultimatum by persons who control the officers' career paths, they contravene the legislative purpose of section 14-103 (b) (2) "to remedy morale and inequity problems resulting from indefinitely assigning officers to detective/investigative duties without providing proportionate benefits and security" (*supra*, at 213), and, as such, are invalid (*see, Matter of American Broadcasting Cos. v Roberts,* 61 NY2d 244, 249). The absence of any explicit limitation on respondent's authority to deploy officers during the 18-month period in which the waivers must be offered and accepted does not alter our conclusion that the waivers contravene this purpose.

We decline to grant the relief requested in petitioners' cross appeal, namely, retroactive service credit as a detective for the time between the non-waiving petitioners' transfer from their temporary detective assignments to their reinstatement by the IAS Court. These officers were not performing detective duties during this period, and there is no assurance that respondent would have permitted them to continue in detective assignments had there been no waiver program.

We have considered the parties' remaining contentions for

affirmative relief and find them to be without merit. Concur—Ellerin, J. P., Williams, Mazzarelli, Andrias and Colabella, JJ. [*See,* 172 Misc 2d 395.]