■ In the Matter of THOMAS J. SCOTTO et al., Appellants, v RUDOLPH W. GIULIANI, as Mayor of the City of New York, et al., Respondents. [687 NYS2d 142] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered June 23, 1998, which denied petitioner prospective detectives' motion to hold respondents Mayor, Police Commissioner and Office of Labor Relations Commissioner in contempt for failure to comply with a prior order of this Court, unanimously affirmed, without costs.

The prior order of this Court (*Matter of Scotto v Giuliani*, 243 AD2d 388, 389) affirmed the IAS Court's decision holding respondents' waiver program to be unlawful, and, on petitioners' cross appeal, "[w]e decline[d] to grant the relief requested * * * namely, retroactive service credit as a detective for the time between the non-waiving petitioners' transfer from their temporary detective assignments to their reinstatement by the IAS Court". Following this order, the non-waiving officers were reinstated to detective duties, but were not given retroactive credit toward detective status for the period from the date of the IAS Court's judgment directing their reinstatement, which had been automatically stayed pending the appeal, to the date they were reinstated, a period of approximately 10 months. On the instant motion for contempt, petitioners distinguish this 10-month postjudgment period from the prejudgment period, arguing that they lost only the latter on their cross appeal. There is no merit to this argument, and even if there were, the claimed directive to award retroactive

credit is hardly so clear and unequivocal as to warrant holding respondents in contempt (see, *Matter of Bellman v McGuire*, 176 AD2d 583). The words in our prior order "by the IAS Court" after the word "reinstatement", while susceptible of the interpretation petitioners give it, were not intended to award retroactive relief, and as much was indicated by decretal language containing no suggestion that any kind of affirmative relief was being awarded, and by other language in the decision stating that retroactive relief was inappropriate because "[t]hese officers were not performing detective duties * * * and there is no assurance that respondent would have permitted them to continue in detective assignments had there been no waiver program" (*supra,* at 389). The non-waiving police officers' remedy for the lost opportunity for temporary detective assignments was restoration of such opportunity, not retroactive credit for service they never performed (see, *Matter of Greco v Department of Personnel*, 226 AD2d 105). Concur—Ellerin, P. J., Sullivan, Lerner and Rubin, JJ. [*See,* 172 Misc 2d 395.]