■ In the Matter of KEVIN T. RYFF, Respondent, v HOWARD SAFIR, as Police Commissioner of the City of New York, et al., Appellants. [694 NYS2d 59] —Order and judgment (one paper), Supreme Court, New York County (Louis York, J.), entered February 3, 1998, which, in this CPLR article 78 proceeding, granted the petition and remanded the matter to respondents with the directive that petitioner be designated a Detective Third Grade, retroactive to the date petitioner completed 18 months of investigative service, with accompanying seniority and benefits, unanimously reversed, on the law, without costs, the judgment vacated, and the matter remanded for a hearing on the issue of whether Police Department Harbor Unit Vessel Theft Team members performed investigative duties comparable to those performed by police officers who did receive appointment to Detective Third Grade.

The petitioner was a member of the Police Department's Harbor Unit Vessel Theft Team from April 4, 1995 to February 28, 1997 when he retired after completing approximately 24 years of service. On January 4, 1997, his commanding officer recommended that he be considered for Detective Investigator status (Detective Third Grade). The basis of the recommendation was that the duties of members of the Vessel Theft Team

mirrored the investigative duties of the Detective Bureau investigators in the Auto Crime Division Special Operations Squad who were promoted after 18 months of service.

Petitioner had been assigned to the Vessel Theft Team for over 18 months and is seeking a directive that the Commissioner comply with Administrative Code of the City of New York § 14-103 (b) (2) and appoint him a detective. That section of the Administrative Code provides, as relevant, that: "Any person who has received permanent appointment as a police officer and is temporarily assigned to perform the duties of a detective shall, whenever such assignment exceeds eighteen months in duration, be appointed as a detective and receive the compensation ordinarily paid to a detective performing such duties."

The IAS Court rejected respondent's claim that the 18-month rule does not apply to the Harbor Unit Vessel Theft Team because that unit is not included in the "historical career path program" the Police Department has for detective. It found that the Police Commissioner no longer has discretion to determine whether a particular assignment equals a detective function. Rather it held that it is the nature of the duties performed and whether they are equivalent to detective functions, not the specific unit in which they are performed, which is determinative. The IAS Court held that because petitioner had performed "investigatory duties" for more than 18 months while with the Vessel Theft Team of the Harbor Unit, he was entitled to be designated as a Detective Third Grade with the requisite benefits.

A determination regarding the scope of Administrative Code § 14-103 (b) (2) rests on the nature of the work performed and whether such work includes "investigatory duties". The Police Commissioner may not "draw discrete classifications and, thus * * * exert a legislative function" (*Matter of Scotto v Dinkins*, 85 NY2d 209, 214). However, the record here is insufficient to determine whether the investigative duties actually performed by petitioner were comparable to those carried out by police officers who received detective status upon completion of 18 months of investigative duties performed in other units. A hearing is necessary before that determination can be made (*Matter of Straker v Giuliani*, 260 AD2d 173), and we remand accordingly. Concur—Rosenberger, J. P., Mazzarelli, Rubin, Saxe and Buckley, JJ.