■ In the Matter of THOMAS J. SCOTTO et al., Appellants, v RUDOLPH GIULIANI, as Mayor of the City of New York, et al., Respondents. [720 NYS2d 140] —Order and judgment (one paper), Supreme Court, New York County (Beverly Cohen, J.), entered January 4, 2000, which denied petitioners' application to compel respondents to promote certain New York City police officers to detective positions pursuant to the 18-month appointment directive of Administrative Code of the City of New York § 14-103 (b) (2) and dismissed the petition, unanimously affirmed, without costs.

The petition was properly dismissed without a hearing for lack of evidence sufficient to raise an issue of fact as to whether the individual petitioners, while assigned to the Intelligence Division in a position denominated in respondents' job bulletin as "Intelligence Analyst (Non Detective Track)," actually performed duties comparable to those performed by persons with the title of detective (CPLR 409 [b]). We reject petitioners' challenge to respondents' Interim Order 42, which, among other things, designates certain positions within the Intelligence Division as "non-detective track positions." Nothing in Administrative Code § 14-103 (b) (2) prohibits the Police Commissioner from establishing both detective track and ancillary

non-detective track positions in the same command (*cf.*, *Matter of Scotto v Dinkins*, 85 NY2d 209). Also, petitioner Detective Endowment Association fails to show a harmful effect on at least one of its members, and thus lacks standing (*see*, *Rudder v Pataki*, 93 NY2d 273). Concur—Sullivan, P. J., Rosenberger, Mazzarelli, Lerner and Buckley, JJ.