■ In the Matter of THOMAS J. SCOTTO, as President of the Detectives Endowment Association, et al., Appellants-Respondents, v RUDOLPH GIULIANI, as Mayor of the City of New York, et al., Respondents-Appellants. [733 NYS2d 159] —Judgment, Supreme Court, New York County (Edward Lehner, J.) entered October 17, 2000, which granted the CPLR article 78 petition to the extent of compelling the respondent New York City Police Department to designate the individual petitioners detectives pursuant to Administrative Code of the City of New York § 14-103 (b) (2), but denied them retroactive relief as barred by laches, and denied petitioner organization standing, unanimously modified, on the law, the petition dismissed in its entirety, and otherwise affirmed, without costs.

Petitioner Detectives Endowment Association (DEA) is the collective bargaining unit authorized by the New York City Charter to represent police officers who have been detailed as First, Second or Third Grade Detectives. The individual petitioners, who have not been promoted to detective, are not DEA members. The two individual petitioners are police officers who have performed detective duties for at least 18 months with the New York City Police Department's (NYPD) Applicant Processing Division (Applicant Division). The Applicant Division investigates employment applications for the Police Department. Pursuant to a 1986 departmental order (NYPD Interim Order 60), these positions formerly were within a command that was considered to be "investigative track." This means that officers doing such investigative work were entitled to promotion to detective after the successful completion of a probationary period. A 1990 amendment to the New York City Administrative Code (§ 14-103 [b] [2]) required, insofar as is pertinent, that police officers temporarily assigned to detective duties for more than 18 months are to be appointed to detective positions. The NYPD's 1991 Interim Order 61 restricted

the application of the 1990 Interim Order to specified types of detective assignments, not including the Applicant Division. Interim Order 61, though, ultimately was voided (*Matter of Scotto v Dinkins*, 85 NY2d 209, *affg* 194 AD2d 415). We specifically had found that the 1990 amendment to the Administrative Code "clearly and unambiguously applies to all permanently appointed police officers performing detective duties, without qualification" (194 AD2d 415), and that its legislative purpose was to curtail the "widespread abuse of designating police officers to perform detective duties for indefinite periods of time without designating them as detectives, with the accompanying salary and benefits" (*id.*, at 416). The focus in that case, though, was on the position being filled rather than the nature of the work being done. The department's subsequent attempted evasion of this directive by requiring that transferees into detective-track commands waive, in writing, their rights to promotion to detective, was invalidated (*Matter of Scotto v Giuliani*, 172 Misc 2d 395, *affd* 243 AD2d 388). In 1997, the NYPD advertised vacancies in the Applicant Division but indicated that the positions were considered to be non-investigative assignments. Interim Order 42, issued in August 1998, excluded the Applicant Division from officially designated investigative track commands. Interim Order 42 also defined "detective position" as "uniform core-positions within the detective track commands that require the [would be detective] * * * to conduct the significant aspects of criminal investigations reflective of the mission of the particular detective track commands."

Presently, non-detective police officers as well as detectives are assigned to the Applicant Division which, as noted, no longer has positions designated for detectives. However, some degree of investigative work is inherent in the nature of the command, although under Interim Order 42, such non-criminal investigative work is not deemed to be detective work. Non-designated police officers, including the individual petitioners, undertake the same kind of investigative work as detectives assigned to the Applicant Division.

By letter dated November 15, 1999, the NYPD rejected the request set forth in DEA's October 26, 1999, letter that these and other officers be promoted to detective. The present article 78 petition was filed in January 2000. The article 78 court, after finding the proceeding to have been timely commenced, found that DEA lacked standing as to officers not yet designated detectives, and thus considered the merits only as to the individually named petitioners. On the merits as to those

individuals, the court found the departmental policy to violate *Scotto v Dinkins* (*supra*), directed that these petitioners be promoted to detective, but, finding delay in their making application for such, denied their request for retroactive benefits. The parties have taken cross appeals.

Initially, under standard canons of New York law pertaining to organizational standing, we agree with the court below that DEA cannot demonstrate that the departmental policy challenged here harms any of its members, and that it lacks standing to assert claims on behalf of nonmembers (*see, Rudder v Pataki*, 93 NY2d 273; *Matter of Guild of Admin. Officers of Suffolk County Community Coll. v County of Suffolk*, 126 AD2d 725, *lv denied* 69 NY2d 609).

On the merits, the NYPD has designated the Applicant Division not to be a detective track command. It happens to assign detectives to fill some of the Division's non-designated positions. This is its prerogative (*cf., Matter of Scotto v Giuliani*, 280 AD2d 315). The analysis does not turn on whether police officers conduct investigative-type work, but, rather, on the classification of the job being done. We reiterate that the legislative intent of the 1990 amendment was to prevent the department, for budgetary reasons, from using non-detective track officers in detective track positions, while denying those officers the benefits of those positions. Logically, this does not preclude the department from using detectives to do non-detective track work, or non-detectives filling non-designated positions to undertake work that happens to have some investigative characteristics. Hence, Interim Order 42 violates neither the relevant Code provision nor interpretive case law, and remains a valid exercise of departmental authority.

Accordingly, we modify the judgment to dismiss the petition in its entirety. Concur—Tom, J. P., Andrias, Wallach and Buckley, JJ.