■ In the Matter of ERIC STRAKER et al., Respondents, v RUDOLPH W. GIULIANI, as Mayor of the City of New York, et al., Appellants. [739 NYS2d 690] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered June 2, 2000, which

granted the petition in a CPLR article 78 proceeding seeking to designate petitioners the status of detective, unanimously reversed, on the law, without costs, the petition denied and the proceeding dismissed. Leave to appeal pursuant to CPLR 5701 (c) is granted sua sponte.

Petitioners, former members of the Special Operations Squad (hereinafter SOS) of the Transit Authority Police (hereinafter TAP), sought appointment as detectives in the New York City Police Department (hereinafter NYPD) after the two departments merged in April 1995. As of the date of the merger, 17 of the petitioners had served in the SOS for more than 18 months and 13 for a lesser period. Petitioners assert that as a result of the merger they have the right to be appointed detectives after 18 months of service pursuant to Administrative Code of the City of New York § 14-103 (b) (2).

The NYPD determined that petitioners' duties in the TAP were not comparable to the work performed by NYPD detectives. Instead, the NYPD found that the duties of SOS members were analogous to those performed by the NYPD's non-investigative Street Crimes Unit, i.e., mainly anti-crime "decoy" operations. As a result, petitioners commenced this article 78 proceeding seeking a retroactive designation to the title Detective Third Grade for those officers who had completed 18 months of service with SOS and consideration of such appointments for the remaining petitioners as each completed 18 months of "detective" service. Petitioners maintained that the Police Commissioner had acted arbitrarily in not granting them detective status while affording such status to officers in other detective units of the TAP such as the Terrorist Task Force, the Internal Affairs Division, the Civilian Complaint Unit, and the Applicant Investigations Unit.

Finding the agency determination arbitrary and capricious, the IAS court granted the petitioners relief, and this Court reversed and remanded for a hearing on the "issue of whether [SOS] members performed investigative duties similar in scope and duration to those Transit Career Path officers who did receive appointment to Detective Third Grade" (*Matter of Straker v Giuliani*, 260 AD2d 173, 173). While agreeing that there was ample evidence that SOS members performed at least some detective functions, we found the "appropriate test of rationality * * * is whether the SOS officers performed detective and investigative work comparable to that performed by the Transit officers who *did* receive detective status after the merger" (*id.* at 174).

Instead of addressing the limited issue on remand, the IAS

court found that the determination that the SOS was similar to the NYPD Street Crimes Unit was arbitrary and capricious and remanded the matter to the NYPD for an "explicit determination" as to each petitioner. Respondents appealed. Although the order on appeal is a nonfinal order and not appealable as of right (CPLR 5701 [b] [1]), the remand of this matter aggrieves respondent, and we grant leave to appeal sua sponte (*see, Matter of Dukuly v Aponte*, 204 AD2d 189).

The findings of fact made by an administrative agency will not be disturbed by the courts unless those findings are so devoid of factual basis in the record as to be arbitrary, unreasonable, and, hence, an abuse of discretion (*see, Matter of Purdy v Kreisberg*, 47 NY2d 354; *Matter of Pell v Board of Educ.*, 34 NY2d 222). Where substantial evidence exists to support the determination, the court may not substitute its judgment for that of the administrative body (*see, Matter of Pfeffer v Parkside Caterers*, 42 NY2d 59).

Upon a review of the record, we find that petitioners failed to demonstrate that the finding of the NYPD, i.e., that they had not performed detective/investigative work comparable to that engaged in by officers of the other TAP units who eventually were appointed detectives, was arbitrary and capricious. Overall, petitioners' witnesses were not able to shed light on the comparability of the investigative duties of SOS officers and the duties of other TAP units. Several witnesses said "no" when specifically asked if they were personally familiar with how those other units performed their duties.

In contrast, respondents' witnesses testified that members of the Joint Terrorist Task Force primarily conducted long-term investigation of terrorism matters, involving interviews, location of assets and evidence, wiretapping, and execution of search warrants; that an investigator in the Applicant Investigations Unit or Internal Affairs Special Investigative Unit would have primary responsibility for his or her case; and that an investigator with the Civilian Complaint Unit worked full time on civilian complaints of non-criminal activity by police officers and had total control over the investigation.

Accordingly, it was error for the IAS court to remand the matter for individual hearings. The petition is denied and the proceeding dismissed. Concur—Nardelli, J.P., Andrias, Ellerin and Marlow, JJ.