■ In the Matter of NICHOLAS G. FINELLI et al., Appellants-Respondents, v WILLIAM J. BRATTON et al., Respondents-Appellants. [748 NYS2d 133] —Order and judgment (one paper), Supreme Court, New York County (Jacqueline Silbermann, J.), entered January 3, 2002, which, in a CPLR article 78 proceeding to compel respondents to designate petitioners as Detectives Third Grade, together with back pay and other applicable benefits, retroactive to the time that petitioners first became eligible for such designation pursuant to Administrative Code of the City of New York § 14-103 (b) (2), confirmed the report of the Judicial Hearing Officer recommending that the petition be granted in part and denied in part, unanimously modified, on the law and the facts, to deny petitioners "detective track" credit for service in the Transit Authority Police Department's (TAPD) Citywide Task Force and Repeat Offenders' Task Force, and in the New York Police Department's (NYPD) Harbor Unit, Vessel Theft Team, Robbery Apprehension Unit/7th Precinct and Brooklyn North Inspection Unit, deny detective track credit to petitioners Frank Settecasi and Eugenio Villanueva for service in the TAPD's Surface Crime Unit, and deny detective track credit to petitioner Jeffrey McAvoy for service in the TAPD's Applicant Investigation Unit, and otherwise affirmed, without costs.

Petitioners argue, and the IAS court agreed, citing *Matter of Scotto v Dinkins* (85 NY2d 209, 213-214), that respondent Police Commissioner's designation of a position or unit as detective track or otherwise is irrelevant in determining the applicability of Administrative Code § 14-103 (b) (2), and that the only issue is whether a particular officer performed investigative duties for more than 18 months. This was error. Neither section 14-103 (b) (2) nor *Scotto* (*id.*) prohibits the Police Commissioner from designating positions, and entire commands, as nondetective track, notwithstanding that the position involves some investigative work (*see Matter of Scotto v Giuliani*, 288 AD2d 102, *lv denied* 97 NY2d 613), or that the command involves some investigative positions (*see Matter of Scotto v Giuliani*, 280 AD2d 315). "The analysis does not turn on whether police officers conduct investigative-type work, but, rather, on the classification of the job being done" (*Matter of Scotto v Giuliani*, 288 AD2d at 104), provided, of course, that

the classification is rational. For purposes of section 14-103 (b) (2), rationality is tested by whether an individual officer, for a period of 18 months, performed work comparable to that performed by police officers classified as detectives (*see Matter of Straker v Giuliani*, 260 AD2d 173, 174; *Matter of Ryff v Safir*, 264 AD2d 349, 350). With respect to many of the individual officers involved in this proceeding, the issue is whether it was arbitrary and capricious of respondents to determine that investigatory functions performed by the officers were merely ancillary to their mainly noninvestigatory "anti-crime" duties (*see Matter of Straker v Giuliani*, 292 AD2d 260, *lv denied* 98 NY2d 606).

Upon review, detective track credit was improperly granted to petitioners for service in the TAPD's Surface Crime Unit, Citywide Task Force and Repeat Offenders' Task Force since it was not established that they performed investigative duties comparable to those performed in units given a detective track after the TAPD's merger with the NYPD (*see Straker*, 292 AD2d at 262), and to petitioners for service in the NYPD's Harbor Unit, Vessel Theft Team, Robbery Apprehension Unit/7th Precinct and Brooklyn North Inspection Unit since it was not established that they performed duties comparable to those performed by detectives with whom they worked and provided support (*see Scotto*, 280 AD2d 315). The finding that petitioners who served in the TAPD's Homeless Outreach Unit and Surface Crime Unit, the Housing Authority Police Department's Recruitment and Retention Unit, and the NYPD's RAP Unit/5th Precinct, Property Clerk Integrity Unit and the Legal Bureau's Padlock Unit did not perform investigative duties is amply supported by the record. Detective track credit was properly denied petitioner Cynthia Corn since she did not establish that she performed detective work when assigned to the detective track Organized Crime Control Bureau. Credit for service in the TAPD's detective track Applicant Investigation Unit was improperly granted petitioner Jeffrey McAvoy, who had not accrued enough time to be promoted to detective in the TAPD, and was no longer working in the Applicant Investigation Unit or in a unit recognized by the TAPD as a detective track command at the time of the TAPD's merger with the NYPD.

Detective track credit was properly refused for the periods during which petitioners were suspended from duty or on restricted, limited or modified duty (*see Matter of Garcia v Bratton*, 90 NY2d 991).

The claim of petitioners who still work for the NYPD but are

no longer performing investigative duties that, in addition to back pay, they should have been designated detectives retroactive to the dates they attained 18 months in their investigative assignments, was properly rejected, since "there is no assurance that respondent would have permitted them to continue in detective assignments" (*Matter of Scotto v Giuliani*, 243 AD2d 388, 389; *see* Administrative Code § 14-103 [e]; Civil Service Law § 75 [1] [e]).

We have considered the parties' remaining contentions for affirmative relief and find them unavailing. Concur—Tom, J.P., Andrias, Buckley and Lerner, JJ.