■ In the Matter of RONALD MARTI, Respondent, v BERNARD KERIK, as Police Commissioner of the City of New York, et al., Appellants. [763 NYS2d 315] —Judgment, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered March 6, 2002, which granted petitioner's CPLR article 78 petition to annul respondents' determination denying petitioner's request to be retroactively designated a detective, with back pay, and which directed respondents to designate petitioner as a detective retroactively to July 1, 1998, unanimously reversed, on the law, without costs, the petition denied and the proceeding dismissed.

A determination regarding the applicability of Administrative Code of the City of New York § 14-103 (b) (2) rests on whether the duties performed by a police officer are comparable to those carried out by those officers who have received detective status (*Matter of Ryff v Safir,* 264 AD2d 349, 350 [1999]). Our task, therefore, is to decide whether the Commis-

sioner's classification of petitioner's position is rational, "tested by whether an individual officer, for a period of 18 months, performed work comparable to that performed by police officers classified as detectives" (*Matter of Finelli v Bratton,* 298 AD2d 197, 198 [2002]).

We disagree both with the motion court's conclusion that petitioner satisfactorily established that he performed the type of investigatory duties performed by detectives, and with its conclusion that respondents failed to counter petitioner's claims. Petitioner asserted that his responsibilities, while a member of the Burglary Awareness Module (BAM) of the 115th Precinct, fell within the category of investigatory duties, describing those duties as canvassing crime scenes and interviewing witnesses and suspects, conducting photo ID procedures, "Mirandizing" and interviewing arrested individuals, and serving as undercover officer in sting operations.

However, while not contradicting petitioner's assertions as to the types of tasks petitioner performed as a member of the Burglary Awareness Module, respondent's answer and the affidavit of Lieutenant Christopher White, submitted by respondents in opposition to the petition, explain that most of these responsibilities are performed by most police officers, particularly those who are on patrol. Further, respondents explain that a detective's duties are far more involved than the recited duties of petitioner as a BAM officer. For example, detectives' responsibilities, although they encompass some of the same tasks as those performed by BAM officers, also include primary responsibility for case management and decision-making, as well as analyzing crime trends and patterns within their precincts and executing warrants—responsibilities not included among petitioner's assigned tasks.

Where there is insufficient evidence to raise an issue of fact as to whether an officer assigned to a non-detective track position actually performed duties comparable to those performed by persons with the title of detective, the article 78 proceeding seeking retroactive assignment to a detective position should be dismissed without a hearing (*see Matter of Scotto v Giuliani,* 280 AD2d 315 [2001]). Petitioner's assertions are insufficient to demonstrate that respondent's classification of the Burglary Awareness Module position as non-detective track was irrational. Even if they were sufficient to demonstrate a prima facie right to relief, respondent's submissions would have been sufficient to counter petitioner's claims. Concur—Andrias, J.P., Saxe, Sullivan and Ellerin, JJ.