Matter of Smith v O'Neill (2020 NY Slip Op 00507)





Matter of Smith v O'Neill


2020 NY Slip Op 00507


Decided on January 23, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2020

Gische, J.P., Mazzarelli, Webber, Gesmer, JJ.


10863 101618/17

[*1] In re Jennifer Smith, et al., Petitioners-Respondents,
v
James P. O'Neill, etc., et al., Respondents-Appellants.


Zachary W. Carter, Corporation Counsel, New York (Janet L. Zaleon of counsel), for appellants.
Valli Kane & Vagnini LLP, Garden City (Matthew L. Berman of counsel), for respondents.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered May 17, 2018, which, upon the petition to annul respondent police commissioner's denial of petitioners' request to be designated detectives, third grade, referred to a special referee the issue of whether petitioners, in the 18 months immediately preceding November 14, 2017, performed work comparable to that of New York City police officers holding the rank of detective, third grade, and held the proceeding brought pursuant to CPLR article 78 in abeyance pending the special referee's report and recommendation, unanimously affirmed, without costs.
The article 78 court correctly concluded that a hearing was necessary to determine the rationality of the police commissioner's denial of the request by members of the New York City Police Department's Evidence Collection Team (ECT) to be designated detectives, third grade, pursuant to Administrative Code of City of NY § 14-103(b)(2). For purposes of that section, the rationality of respondent's classification of the ECT as a nondetective track unit "is tested by whether an individual officer, for a period of 18 months, performed work comparable to that performed by police officers classified as detectives" (Matter of Finelli v Bratton , 298 AD2d 197, 198 [1st Dept 2002], lv denied 100 NY2d 505 [2003]). The parties' submissions present issues of fact as to whether petitioners' work was comparable to detectives' work. Thus, a hearing must be held before that determination can be made (see Matter of Ryff v Safir , 264 AD2d 349 [1st Dept 1999]; Matter of Marti v Kerik , 307 AD2d 836 [1st Dept 2003]).
Respondents failed to make a showing of unexcused delay in petitioners' commencement of this proceeding (see Matter of Sheerin v New York Fire Dept. Arts. 1 & 1B Pension Funds , 46 NY2d 488, 495-496 [1979]). The record does not establish when petitioners first knew, or should have known, of facts giving rise to their alleged right of relief. Moreover, petitioners allege that they were informed in late 2014 that, due to their additional duties and training, they would be placed onto the detective track and promoted to the rank of detective after 18 months. They commenced this proceeding after that did not occur and their ensuing grievance was denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 23, 2020
CLERK